IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FRIZELL LEGGETT JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FRANK PERRY, )<br>)<br>Respondent. ) | 1:15CV746 |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner is a prisoner of the state of North Carolina currently serving a sentence for felony breaking and entering and possession of burglary tools after obtaining the status of a habitual felon. He now brings a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here, Petitioner raises three claims for relief, all centered around his contention that he is a "Moorish American National citizen." He also claims that the Fourteenth Amendment of the United States Constitution is an ex post facto law, that the State of North Carolina "denationalized" him by labeling him as "Black" on his birth certificate, that terms such as "Black" are slave labels, that he is a "Black Political Hostage" and that he is not subject to the jurisdiction of the federal courts.

Petitioner's claim that the Fourteenth Amendment is an ex post facto law is frivolous on its face. That Amendment took effect more than 100 years before Petitioner committed his current crimes and bears no apparent relation to his case in any event. Petitioner's claims that the use of the term "Black" on his birth certificate and his alleged Moorish American citizenship entitle him to habeas relief also fail on their face. His claim that the United States government has no jurisdiction over him would mean that this Court could not hear his claims. It would also have no effect on his criminal charges, which were brought by the State of North Carolina, not the United States Government. More importantly, Petitioner bases his claims on his alleged status as a Moorish American National citizen. Members of that group and similar or related groups such as the Moorish Science Temple of America and the Washitaw Nation have been parties to a number of cases in the state and federal courts. Courts consistently reject a variety of legal claims based on membership in those groups. See El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases). These groups are fictional nations not recognized by the government of the United States. Id. Further, the Court is unaware of any person being able to successfully base a legal claim on membership in these groups. At least one other court previously rejected an attempt to use membership in the "The Nation of Moorish-Americans" to mount a jurisdictional attack in a criminal matter. See Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008). This Court routinely does so as well. The logic behind such a decision is apparent. To hold otherwise would allow members of these groups to commit crimes, but escape punishment based on race, ethnicity, or religion. Any argument proposing this outcome must be rejected. For all of these reasons, Petitioner's claim does not entitle him to habeas relief. The Petition should be dismissed.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 15th day of September, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
